IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL LEON MCCARLEY JR.                                                    PLAINTIFF

V.                                    NO. 10-3061

MICHAEL ASTRUE,
Commissioner of Social Security                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael Leon McCarley Jr., brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act (the Act) and Supplemental Security Income (SSI) under Title XVI of the Act. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff filed his applications for DIB and SSI on July 18, 2005, alleging disability since January 1, 2000, due to congenital heart disease, right carpal tunnel syndrome, low back pain, joint and body pain, anger, and anxiety. (Tr. 12-13). Plaintiff's applications were denied initially and upon reconsideration. (Tr. 10). Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) on March 29, 2007, where Plaintiff appeared with counsel and testified. (Tr. 12). On November 30, 2007, the ALJ entered his decision denying Plaintiff's request for a determination of disability. (Tr. 7). The ALJ found the Plaintiff had the following severe

impairments: undiagnosed congenital heart disease; mild right carpal tunnel syndrome; minimal left carpal tunnel syndrome; and low back pain. (Tr. 12). However, the ALJ found the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments, and after careful consideration of the entire record, found the Plaintiff had the residual functional capacity (RFC) to perform light work, as defined by 20 CFR 404.1567(b) and 416.967(b). The ALJ found:

> The Plaintiff has the capacity to lift and/or carry twenty pounds occasionally and ten pounds frequently, push and/or pull within those limitations, sit for six hours, sit two hours without interruption, stand/walk for six hours, and stand/walk for two hours without interruption.

(Tr. 14). In addition, the ALJ found that Plaintiff could frequently, but not continuously, handle and finger bilaterally, frequently climb, balance, stoop, kneel, crouch, and crawl, and that he could frequently engage in rapid, repetitive wrist action bilaterally. (Tr. 14). The ALJ found that the Plaintiff would not be able to perform past relevant work as an auto mechanic. (Tr. 17). With the assistance of a Vocational Expert (VE) through interrogatory, he further found there were jobs in the national economy that Plaintiff could perform, such as a housekeeper, counter attendant, or counter clerk. (Tr. 90).

The Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on April 30, 2010, and the decision of the ALJ therefore became the final decision of the Commissioner. (Tr. 2-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

II.     **Applicable Law**:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the finding of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental

impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listing; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § § 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920.

**III.    Discussion**:

After reviewing the record, the undersigned is particularly troubled by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R.§ 404.1545(a)(1). A disability claimant has the burden of establishing his RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ found Plaintiff maintained the RFC to perform light work with

certain limitations. (Tr. 14). The ALJ futher found the Plaintiff could engage in rapid, repetitive wrist action bilaterally. (Tr. 14). What is particularly troublesome to the undersigned is the medical examination conducted by Dr. Alice Martinson on July 16, 2007. (Tr. 115-122). Dr. Martinson did not place any limitations on the Plaintiff and in fact stated "this man has no limitations." (Tr. 122). However, Dr. Martinson noted that due to Plaintiff's subjective carpal tunnel complaints "it would be prudent for him to avoid jobs requiring rapidly repetitive gripping, twisting, and pulling activities with both hands." (Tr. 116). Dr. Martinson went on to say that this should be considered "good advice" and not a formal work preclusion. (Tr. 116). Instead of incorporating the limitation Dr. Martinson suggested as "good advice," the ALJ, in his RFC, found Plaintiff could frequently engage in rapid repetitive wrist action bilaterally. (Tr. 14). It is noteworthy that the VE, through interrogatory, stated that based on the limitations the ALJ presented in the Plaintiff's RFC, Plaintiff would have to be able to do repetitive rapid wrist movement bilaterally at least on an occasional basis to sustain work at a sedentary unskilled job level. (Tr. 92).

  The Court believes there are inconsistencies within Dr. Martinson's evaluation where she advised that it would be prudent if Plaintiff avoid jobs requiring rapidly repetitive gripping, twisting and pulling activities with both hands, and yet also said Plaintiff had "no limitations." Furthermore, this inconsistency, coupled with Dr. C.R. Magness's assessment of Plaintiff's grip as 90%; lead the Court to question why the ALJ found that Plaintiff could engage in rapid repetitive wrist action bilaterally. The undersigned believes remand is necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's physical RFC[1].

---

[1] For DIB purposes, the Court notes that the relevant time period is January 1, 2000 to September 30, 2001. (Tr. 63). The Court further recognizes there are no medical records for this time period and in fact, no medical records have been presented prior to August 22, 2005. (Tr. 97-103).

On remand, the ALJ is directed to submit interrogatories to Dr. Martinson, as to whether Plaintiff would be able to engage in activities requiring frequent rapid, repetitive wrist action bilaterally. With this evidence, the ALJ should re-evaluate Plaintiff's RFC in light of the new information received from Dr. Martinson.

IV. **Conclusion**:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 22nd day of July 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE